IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

MIKAYLA GREGORY,

                Plaintiff,

v.                                         CIVIL ACTION NO.   5:22-cv-00330

TOLER APPRAISAL GROUP, LLC, and
GATEWAY MORTGAGE GROUP, LLP,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendant Gateway Mortgage Group, LLC's Motion for Partial Judgment on the Pleadings* (Document 53), the *Defendant Gateway Mortgage Group, LLC's Memorandum of Points and Authorities in Support of Its Motion for Partial Judgment on the Pleadings* (Document 54), the *Plaintiff's Response in Opposition to Defendant Gateway Mortgage Group, LLC's Motion for Partial Judgment on the Pleadings* (Document 72), the *Defendant Gateway Mortgage Group, LLC's Reply in Support of Its Motion for Partial Judgment on the Pleadings* (Document 74), and all other pertinent materials and exhibits.  The Court finds the motion should be denied.

**RELEVANT BACKGROUND**

On April 21, 2020, the Plaintiff, Mikayla Gregory, filed a complaint against the Defendants in the Circuit Court of Raleigh County, West Virginia, alleging seven state law claims.  On August 13, 2020, she filed an amended class action complaint, alleging five state law claims against the same Defendants.  On March 23, 2021, the Plaintiff again amended, filing a second amended class action complaint alleging two state law claims against the Defendants.  On April

13, 2022, Ms. Gregory moved to add a claim pursuant to the Truth in Lending Act (TILA), 15 U.S.C. § 1639e. On July 22, 2022, her motion was granted and the governing complaint, the *Third Amended Class Action Complaint* (Complaint) (Document 1-2), was deemed served. The action was subsequently removed pursuant to 28 U.S.C. § 1331. The Complaint names Gateway Mortgage Group, LLP (Gateway) and Toler Appraisal Group, LLC (Toler), and alleges that the Defendants have engaged in improper lending and appraisal practices, including improperly seeking to influence an appraiser.

The Complaint contains the following causes of action: Count I – an individual claim of Illegal Loan in Excess of Fair Market Value or Residential Property, as to Gateway; Count II – an individual claim of Breach of Professional Standards and Negligence, as to Toler; and Count III – a class claim of a Truth-In-Lending Violation, 15 U.S.C. § 1639e. Ms. Gregory requests certification of the proposed class, injunctive relief, compensatory damages, restitution, attorneys' fees and costs, and prejudgment and post judgment interest.

Defendant Gateway has now moved to dismiss Count III, under Rule 12(c) of the Federal Rules of Civil Procedure, arguing that 15 U.S.C. §1639e does not create a private right of action.

**RELEVANT LEGAL STANDARD**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A Rule 12(c) motion tests only the legal sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact." *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014). "As a general rule, '[w]hen considering a defendant's motion for judgment on the pleadings, the court must base its decision solely on

information obtained from the pleadings.'" *Hagy v. Equitable Production Co.*, 2:10-cv-01372, 2011 WL 3031124, at *2 (S.D. W. Va. July 22, 2011) (Goodwin, J.) (quoting *John S. Clark Co., Inc. v. United Nat'l Ins. Co.*, 304 F.Supp.2d 758, 763-64 (M.D.N.C. 2004)). As such, a motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Exec. Risk Indem., Inc. v. Charleston Area Med. Ctr. Inc.*, 681 F.Supp.2d 694, 707 n.17 (S.D. W. Va. 2009) (Goodwin, J.). The distinction between the standards governing a motion for judgment on the pleadings and a motion to dismiss "is one without a difference." *Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 405 (4th Cir. 2002) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual

enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

Defendant Gateway requests judgment on the pleadings resulting in dismissal of Count III, arguing that 15 U.S.C. § 1639e creates no private right of action. "To determine whether a statute creates a federal private right, we look to the statutory text for 'rights-creating' language." *In re Miller*, 124 Fed. Appx. 152, 154 (4th Cir. 2005) (unpublished) (citing *Alexander v. Sandoval*, 532 U.S. 275, 288 (2001)). "Rights-creating language" is language "where the statute explicitly confers a benefit on a class of persons," including the plaintiff. *Cannon v. University of Chicago*, 441 U.S. 677, 708 n. 41 (1979). Ultimately, the question is whether Congress intended to create a federal cause of action. *See, e.g.*, *Gonzaga University v. Doe*, 536 U.S. 273 (2002); *Alexander v. Sandoval*, 532 U.S. 275 (2001).

Both parties point to specific language in 15 U.S.C. § 1639e and 1640(a). Section 1639e(k), the penalties provision of § 1639e, states the following:

> (1) First violation
> *In addition to* the enforcement provisions referred to in section 1640 of this title, each person who violates this section shall forfeit and pay a civil penalty of not more than $10,000 for each day any such violation continues.
>
> (2) Subsequent violations
> In the case of any person on whom a civil penalty has been imposed under paragraph (1), paragraph (1) shall be applied by substituting "$20,000" for "$10,000" with respect to all subsequent violations.
>
> (3) Assessment
> The agency referred to in subsection (a) or (c) of section 1607 of this title with respect to any person described in paragraph (1) shall assess any penalty under this subsection to which such person is subject.

15 U.S.C. § 1639e (emphasis added). The relevant portion of the above-referenced § 1640(a) states:

5

> (a) Individual or class action for damages; amount of award; factors determining amount of award
> Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed *under this part*, including any requirement under section 1635 of this title, subsection (f) or (g) of section 1641 of this title, or part D or E of this subchapter with respect to any person is liable to such person . . .

15 U.S.C. § 1640(a) (emphasis added).

When examining statutory language, the court is to interpret it using the text's plain meaning. *Scott v. U.S.*, 328 F.3d 132, 139 (4th Cir. 2003). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997).

Looking at the language of the statute, the Court finds no ambiguity—Congress intended to create a private right of action for violations of § 1639e. Starting with the penalties provision of § 1639e, it states that the penalties are available "*in addition to* the enforcement provisions referred to in section 1640." This express language makes clear that violations of § 1639e can be enforced under § 1640, and enforcement is not foreclosed by the civil penalties provision. With § 1640(a) being the source of an individual's right for damages, § 1639e has included a private right of action by reference. To ignore the explicit reference to § 1640 in § 1639e would ignore our obligation to, where possible, "give effect to every provision and word in a statute and avoid any interpretation that may render statutory terms meaningless or superfluous." *Scott*, 328 F.3d at 139 (citing *Freytag v. Comm'r Internal Revenue*, 501 U.S. 868, 877 (1991)).

Turning to the language of § 1640(a), it creates liability for a creditor's violation under "this part" except as otherwise provided by § 1640. Section 1640 belongs to "Part B" of Subchapter I, Chapter 41. This "part" reaches 15 U.S.C. §§ 1631–1651 and includes § 1639e.

No language in § 1640 removes § 1639e from its ambit. In fact, § 1639e is only explicitly referenced in § 1640 once, to say that an action under § 1639e "*may also* be brought by the appropriate State attorney general." 15 U.S.C. § 1640(e) (emphasis added). As the Defendant acknowledges, the word "may" typically denotes authorization without obligation. (Def. Memo at 4) (citing *Air Line Pilots Ass'n, Int'l. v. U.S. Airways Grp., Inc.*, 609 F.3d 338, 342 (4th Cir. 2010)). The use of the word "also" makes it clear that in addition to the private right of action stated in § 1640(a), a violation of § 1639e may be publicly enforced. In this way, the language in § 1640(e) compliments the penalties provision in § 1639e(k), and the two provisions can be read in harmony.

No language in either statute indicates that § 1639e is to be enforced only by government actors. Rather, the use of "in addition" and "may also" reflects congressional intent to allow both public and private enforcement of § 1639e. There is nothing in the language or practice that makes these two forms of enforcement mutually exclusive. The Defendant argues that the language of § 1639e is an exception to the general language of § 1640. However, § 1639e is not an exception, as § 1639e directly includes § 1640 by reference, and states that it (1639e) should apply "in addition" to the enforcement provisions included in § 1640. The reference in Section § 1639e to § 1640 also negates the Defendant's argument that the right of consumers was deliberately omitted from § 1639e.

Lastly, other courts have held that similarly situated provisions create a private right of action. *Campos v. HMK Mortg.*, LLC, 458 F. Supp. 3d 517, 528 (N.D. Tex. 2020) (holding that § 1639c can be privately enforced because it is located within Part B, and not excepted); *Swider v. David McHugh Tr.*, No. 358935, 2023 WL 2340370, at *8 (Mich. Ct. App. Mar. 2, 2023) (same).

7

The two cases cited by the Defendant in support of its argument do not alter the Court's textual analysis. First, in *Lester v. Wells Fargo Bank NA*, the court swiftly dismissed a plaintiff's *pro se* claim with no statutory analysis of § 1639e, and therefore offers no guidance. CV 15-2439, 2017 WL 1147495, at *8 (W.D. La. Mar. 27, 2017). Second, in *Garner v. Bank of Am. Corp*, the defendant argued that there was no cause of action under § 1639(a) and the plaintiff conceded. Because the point was conceded the court did not analyze that issue. 2:12-CV-02076-PMP, 2013 WL 5492691, at *9 (D. Nev. Sept. 30, 2013). Again, with no analysis of § 1639(e), *Garner* offers little guidance. The Court, having found no ambiguity in the language of § 1639e and § 1640, concludes that § 1639e does create a private right of action.

## CONCLUSION

Wherefore, after thorough review and careful consideration and for the reasons stated herein, the Court **ORDERS** that the *Defendant Gateway Mortgage Group, LLC's Motion for Partial Judgment on the Pleadings* (Document 53) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: May 17, 2023

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA